UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONDELL ALLMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:22-cv-00539-JPH-TAB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING 28 U.S.C. § 2255 MOTION AS UNTIMELY**

Petitioner Rondell Allman pleaded guilty to and was sentenced for a drug conspiracy offense. While serving his sentence, he moved to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He argues that his attorney was constitutionally ineffective for failing to challenge a sentencing enhancement. The United States seeks dismissal of the § 2255 motion arguing that it is untimely. Because Mr. Allman filed his motion well beyond the one-year limitation period and has not shown that equitable tolling is available, his motion is denied, and this action is dismissed.

**I. Background**

Mr. Allman pleaded guilty to conspiracy to possess with the intent to distribute and to distribute a mixture of substance containing a detectable amount of heroin and 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Allman,* 1:18-cr-227-JPH-MJD-1, at Crim. Dkt. 44. Mr. Allman agreed to waive his right to appeal. Crim. Dkt. 31, ¶ 17. He also agreed not to contest or seek to modify his conviction

or sentence in any action, including § 2255. *Id.* ¶ 18. This waiver excepted claims of ineffective assistance of counsel. *Id.*

Consistent with the plea agreement, the government filed an Information pursuant to 21 U.S.C. § 851, notifying Mr. Allman that it intended to rely on a prior conviction as a predicate felony drug offense to enhance his sentence. Crim. Dkt. 43. In particular the United States intended to rely on a prior Indiana felony drug conviction for dealing methamphetamine. *Id.* The § 851 enhancement increased the statutory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A). Mr. Allman did not object to the government's § 851 Information.

On August 22, 2019, the Court held Mr. Allman's change of plea and sentencing hearing. Crim. Dkt. 44. Mr. Allman affirmed that he was convicted of dealing in methamphetamine in 2016 in Indiana. Crim. Dkt. 54 at 26–27. After finding that Mr. Allman was fully competent and capable of entering an informed plea, was aware of the nature of the charges and the consequences of the plea, and that his plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense, the Court accepted the plea agreement. *Id.* at 21. Mr. Allman also confirmed that he was satisfied with his attorney's representation. *Id.* at 6.

Mr. Allman received a below guideline-range sentence of 140 months in prison. Crim. Dkt. 45; Dkt. 21 at 5. Judgment was entered on August 23, 2019. Crim. Dkt. 45. Mr. Allman did not appeal his conviction and sentence.

On March 17, 2022, he moved to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Dkt. 1.

Mr. Allman's § 2255 motion claims that his trial counsel was ineffective for failing to challenge the § 851 enhancement. He states that his Indiana methamphetamine conviction does not qualify as a "serious drug felony." *Id.* at 4-5 (citing *United States v. De La Torre*, 940 F.3d 938 (2019); *United States v. Elder,* 900 F.3d 491, 501 (7th Cir. 2018)). He explains that he could not make this argument earlier because *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), was issued after his case was complete and the COVID-19 pandemic limited his time in the law library. Dkt. 1 at 4. Mr. Allman also claims that trial counsel should have objected to the government filing the § 851 Information on August 20, 2019, after the Court's deadline for filing sentencing memoranda and exhibits. *Id.* at 4-5. Finally, he asserts that he is actually innocent of the enhancement so his sentence reflects a constitutional error and miscarriage of justice. *Id.* at 7-8. He seeks to withdraw his plea agreement. *Id.* at 8.

The United States responded arguing that this action is subject to dismissal because it is time barred.

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). The one-year limitation period begins to run upon the latest of:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

   3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The United States argues that the § 2255 motion is untimely under § 2255(f) and therefore subject to dismissal. It contends that the relevant triggering event is the date when Mr. Allman's judgment of conviction became final. 28 U.S.C. § 2255(f)(1). When a defendant does not appeal, the conviction becomes final when the deadline to file a notice of appeal expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). Final Judgment was entered August 22, 2019, so Mr. Allman's appeal deadline was September 7, 2019—the first weekday following the 14 days after the Court entered judgment in the criminal case. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. Pro. 6(a)(1)(C); *Clay v. United States*, 537 U.S. 522, 527 (2003).

Mr. Allman did not file his § 2255 motion until March 17, 2022, long after the one-year deadline. Dkt. 1; dkt. 21 at 9. Thus, his claim is untimely under § 2255(f)(1). Mr. Allman does not dispute that one year has passed since that deadline but argues that his motion is timely under § 2255(f)(4). Dkt. 1 at 11. He contends that his time to file is "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 255(f)(1). He explains that because of the pandemic he was only recently able to research and discover the Seventh

4

Circuit's opinion in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). *Id.* He describes *Ruth* as "new evidence" that his Indiana methamphetamine conviction does not qualify as a felony drug offense. *Id.* at 11.[1]

But the United States correctly argues that "a court decision does not constitute a new 'fact' for purposes of § 2255(f)(4)." Dkt. 21 at 9. Mr. Allman was convicted of an Indiana felony drug offense; that fact has not changed. As the Second Circuit persuasively explained under similar circumstances, "[t]o interpret an intervening decision as a new fact simply because it has new legal implications would create a boundless, and unwarranted, expansion of § 2255(f)(4)." *McCloud v. United States*, 987 F.3d 261, 265 (2d Cir. 2021); *see also Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007) (finding that an intervening change in law was not a new factual predicate sufficient to reset the statute of limitations period under AEDPA); *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) ("Decisions that change the legal significance of certain facts without modifying them do not qualify under [§ 2555](f)(4)."). And, in any event, more than a year passed between the issuance of *Ruth,* on July 20, 2020, and Mr. Allman's filing of his § 2255 motion, on March 17, 2022.

For these reasons, Mr. Allman's § 2255 was filed outside the one-year limitation period established by § 2255(f).

---

[1] In *Ruth,* the Seventh Circuit held that the defendant's prior conviction for methamphetamine in Illinois could not qualify as a "felony drug offense" resulting in a § 851 enhancement. 966 F.3d 642, 650, 654 (7th Cir. 2020).

### III. Equitable Tolling

Mr. Allman argues that even if his petition is untimely, he is entitled to equitable tolling. Dkt. 1 at 11. He blames the pandemic, lockdowns beginning April 1, 2020, and lack of law library time for his inability to file a timely § 2255 motion. *Id.* The United States responds that under the circumstances presented, equitable tolling does not apply. Dkt. 21 at 9.

AEDPA's statute of limitations "is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that the statute of limitations for § 2254 motions are subject to equitable tolling); *Lombardo v. United States*, 860 F.3d 547, 551–52 (7th Cir. 2017) (applying the equitable tolling doctrine to a § 2255 motion). "To qualify for equitable tolling then, a petitioner must show: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Boulb v. United States*, 818 F.3d 334, 339-40 (7th Cir. 2016) (quoting *Holland*, 560 U.S. at 649). "The extraordinary-circumstance prong is met 'only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [his] control.'" *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257, (2016)).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (cleaned up). But the movant must show "reasonable effort *throughout* the limitations period." *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018) (emphasis added). "Petitioners bear the burden of proving that they qualify for equitable

6

tolling." *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). This burden cannot be satisfied with "mere conclusory allegations of diligence"; the petitioner must instead offer "specific evidence." *Mayberry*, 904 F.3d at 531.

The United States argues that Mr. Allman is not entitled to equitable tolling because he cannot show that he has been pursuing his rights diligently. In particular, the United States notes that he exceeded the limitations period by more than one-and-a-half years. In addition, the United States argues that the lengthy delay was not because of external factors outside of Mr. Allman's control.

While Mr. Allman claims that he's entitled to equitable tolling based on *Ruth*, 966 F.3d 642, a court opinion cannot show that Mr. Allman was pursuing his rights diligently or impose any extraordinary circumstance that could prevent timely filing. In any event, *Ruth* was decided on July 20, 2020—more than a year after Mr. Allman's conviction became final. Dkt. 21 at p. 11. Thus, *Ruth* is not evidence of diligence during the limitations period. Even if Mr. Allman is asserting that until he learned of *Ruth* he did not know that the offense on which the § 851 Information is based was subject to attack, the lack of legal knowledge by itself cannot justify equitable tolling. *Lombardo*, 860 F.3d at 560.

Next Mr. Allman seeks equitable tolling based on the limitations he faced during the COVID-19 pandemic. Dkt. 1 at 11; dkt. 29 at 1 ("There can be no better evidence of an extraordinary circumstance [than] the pandemic."). He claims that his efforts to file a timely § 2255 motion were frustrated by "long lockdowns separating all prisoners from one another, food and medical delivered to the cell, and no law library time." *Id.* Mr. Allman claims that the Greenville

Federal Correction Institution began modified operations in March 2020 and was locked down by April 2020. *Id.* The United States responds that Mr. Allman has not stated what actions he took, if any, between when he was convicted on August 22, 2019, and the lockdown, or the days after the lockdown was lifted to file a timely § 2255 motion. And "[a] prisoner's limited access to the prison law library is not grounds for equitable tolling." *Ademiju,* 999 F.3d at 478; *Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) (concluding that "standing alone, the lack of legal expertise is not a basis for invoking equitable tolling.").

Given this record, Mr. Allman has not met his burden to show that he made a reasonable effort throughout the limitations period to pursue his rights and that some extraordinary circumstance stood in his way. "Courts have denied equitable tolling based on the COVID-19 pandemic and resulting limitations on law library access where the litigant fails to demonstrate how those limitations prevented him from timely filing his motion." *United States v. Yarber,* No. 2:17-CR-20007-SLD-EIL, 2024 WL 945290, at *3 (C.D. Ill. Mar. 5, 2024) (citing *United States v. Williams,* No. 21 C 4025 (No. 17 CR 446), 2022 WL 2208855, at *3 (N.D. Ill. June 21, 2022) (citing cases)).

In short, Mr. Allman's § 2255 motion is time-barred and he offers no compelling explanation for how he was prevented from filing within the one-year statute of limitations despite his reasonable and consistent efforts. His § 2255 motion is dismissed with prejudice on that basis. Mr. Allman's circumstances, even if they exist exactly as he alleges, do not warrant the exceptional relief of equitable tolling, and thus a hearing is not required.

*Ademiju*, 999 F.3d at 478; *Spiller v. United States*, 855 F.3d 751, 754 (7th Cir. 2017).

### IV.  Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Allman has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

### V.  Conclusion

Mr. Allman is not entitled to relief on his § 2255 motion because it is barred by the statute of limitations. His motion for relief under § 2255 is **DENIED**, and this action is **dismissed with prejudice**. The **clerk is directed to enter** final judgment; to docket a copy of this order in the criminal case, No. 1:18-cr-00227-JPH-MJD-1; and to **terminate** the pending § 2255 motion, dkt. [51], in the criminal case. A certificate of appealability is **denied.**

**SO ORDERED.**

Date: 5/6/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

9

Distribution:

RONDELL ALLMAN
16455-028
ENGLEWOOD – FCI
ENGLEWOOD FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
9595 WEST QUINCY AVENUE
LITTLETON, CO 80123

All Electronically Registered Counsel